899 P.2d 969

**Delores WILLIG, Appellant–Appellant on Appeal,**

**v.**

**STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, Respondent–Respondent on Appeal.**

No. 21334.

Supreme Court of Idaho,
Lewiston, April 1995 Term.

July 10, 1995.

Idaho Legal Aid Services, Inc., Lewiston, for appellant. Randall W. Robinson argued.

Alan G. Lance, Atty. Gen., Boise; Marcy J. Spilker, Deputy Atty. Gen., Lewiston, for respondent. Marcy J. Spilker argued.

JOHNSON, Justice.

This is a welfare benefits case. We conclude that the claimant did not prove the necessary elements of equitable or quasi estoppel to prevent the Idaho Department of Health and Welfare (IDHW) from collecting an overpayment of welfare benefits which was attributable to IDHW's error. Therefore, we do not address whether estoppel may ever be applied against IDHW in these circumstances.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In June 1991, Delores Willig applied to IDHW for Aid to Families with Dependent Children benefits (AFDC benefits) for her two orphaned granddaughters (the children). Willig sought a "grandparent grant" under which her income would not be attributed to the children. IDHW determined that Willig was entitled to $251 per month for the two children, and began disbursing payments.

In August 1991, the Social Security Administration notified Willig that the children were entitled to a $191.25 lump sum death benefit, plus social security (SS) benefits of $88 per month dating from May 1991. Willig provided IDHW with the SS statement on August 15, 1991. She later submitted the initial SS check to IDHW.

Under IDHW regulations, the children's AFDC benefits should have been reduced by the full amount of their SS benefits. IDAPA §§ 16.03.01312, 16.03.01423 (1994). The IDHW employee handling Willig's case mistakenly thought, however, that the SS benefits belonged to Willig, not the children, and therefore she did not reduce the children's AFDC benefits. IDHW caught the mistake during an eligibility review conducted in June 1992. As a result of the employee's error, IDHW overpaid Willig $1370 in AFDC benefits between June 1991 and June 1992.

IDHW informed Willig in April 1993 that it would seek to recover the overpayment. According to federal law, with which state AFDC programs must comply in order to receive federal funds, IDHW must try to collect all overpayments, regardless of cause or size. 42 U.S.C.A. § 602(a)(22) (1991). Willig had spent the excess benefits on necessities for the children. IDHW began reducing the children's present AFDC benefits to collect the overpayment. Although IDHW had the authority under state regulations at the time to reduce the children's AFDC benefits from $127 per month to $48 per month, IDHW deducted only $25 per month. Since January 1994, IDHW has deducted $10 per month from the children's AFDC benefits.

Willig requested and obtained an administrative hearing from IDHW at which she argued that equitable estoppel and quasi estoppel barred the agency from collecting the overpayment. The IDHW hearing officer held that Willig had not proved the necessary elements for either form of estoppel. On appeal, the district court affirmed the hearing officer's decision. Willig appealed.

## II.

### WILLIG DID NOT PROVE THE NECESSARY ELEMENTS OF EQUITABLE OR QUASI ESTOPPEL.

■ Willig asserts that IDHW should be estopped from recovering the overpayment

because IDHW was solely at fault. We disagree. Willig did not prove that she relied to her prejudice on IDHW's error.

We first note that we address this issue only because the parties presented it to us. Our decision should not be read as precedent concerning the applicability of estoppel in circumstances similar to those presented in this case.

■ On appeal, we review the agency's decision directly, independent of the district court's determination. *Boise Group Homes, Inc. v. Dep't of Health & Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). Under the Idaho Administrative Procedure Act, we must affirm the hearing officer's decision unless the findings or conclusions are

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) not supported by substantial evidence on the record as a whole; or

(e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3) (1994).

■ Willig argues that the principles of both equitable and quasi estoppel require that IDHW cannot recoup the overpayment. Equitable estoppel requires

(1) a false representation or concealment of a material fact made with actual or constructive knowledge of the truth;

(2) that the party asserting estoppel did not and could not have discovered the truth;

(3) an intent that the misrepresentation or concealment be relied upon; and

(4) that the party asserting estoppel relied on the misrepresentation or concealment to his or her prejudice.

*Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill,* 103 Idaho 19, 22, 644 P.2d 341, 344 (1982). Quasi estoppel is distinguished from equitable estoppel "in that no concealment or misrepresentation of existing facts on the one side, no ignorance or reliance on the other, is a necessary ingredient." *Evans v. Idaho State Tax Comm.,* 97 Idaho 148, 150, 540 P.2d 810, 812 (1975). The doctrine of quasi estoppel applies when it would be unconscionable to allow a party to assert a right which is inconsistent with a prior position. *Mitchell v. Zilog, Inc.,* 125 Idaho 709, 715, 874 P.2d 520, 526 (1994).

The hearing officer upheld IDHW's collection of the overpayment because he found that Willig had not proved the necessary elements of either equitable or quasi estoppel. As discussed above, to establish equitable estoppel a party must prove prejudicial reliance on the misrepresentation. Although the children are receiving less AFDC benefits than they otherwise would, the hearing officer nonetheless concluded that Willig had not demonstrated the prejudice necessary to establish equitable estoppel.

■ To sustain a finding of prejudice in these circumstances it is necessary to show more than the mere obligation to repay the overpayment. In *Brand S Corp. v. King,* 102 Idaho 731, 734, 639 P.2d 429, 432 (1981), the Court explained that to demonstrate prejudice the parties asserting equitable estoppel must have "changed their position as a result of the alleged representation and suffered a detriment as a result thereof." In *Brand S,* the Court refused to estop a creditor from collecting an unpaid loan, even though the creditor had allegedly told the debtor it would forgo collection, because there was no evidence of a detrimental change in position on the debtor's part. The fact that the debtor had already spent the loan did not itself constitute detrimental reliance. In the present case, the hearing officer appropriately looked for evidence of detriment beyond the mere fact of repayment.

The hearing officer concluded that there were no additional circumstances sufficient for a finding of prejudice. There was no evidence that Willig had foregone other benefits or undertaken other obligations because of IDHW's error. After hearing evidence of the family's financial circumstances, the hearing officer found that although the reduction in the present AFDC benefits would cause the children some hardship, the children would not suffer an irreparable harm. We must uphold this finding unless it is not

supported by substantial evidence in the record. Although in rejecting quasi estoppel the hearing officer focused on Willig's failure to prove that IDHW had knowledge of the true facts, we focus on the lack of proof of unconscionability. The record of the hearing does not reveal that the children will lack food, shelter, or otherwise suffer prejudice from the reductions in their monthly AFDC benefits, nor that the collection of the overpayment is unconscionable. Therefore, we uphold the hearing officer's decision that IDHW is not estopped from making the collection.

Because we affirm the hearing officer's decision that Willig did not prove the necessary elements of equitable and quasi estoppel, we do not address the further question whether estoppel may ever be applied against IDHW. *See State Dep't of Health & Welfare v. Annen,* 126 Idaho 691, 694, 889 P.2d 720, 723 (1995) (holding that because laches defense failed, there is no need to decide whether laches can be established against the state). Similarly, we do not address IDHW's arguments concerning the issue of ultra vires acts by government employees.

## III.

## CONCLUSION.

We affirm the hearing officer's decision denying estoppel.

We award costs on appeal to respondent.

McDEVITT, C.J., and TROUT, SILAK, and SCHROEDER, JJ., concur.