936 P.2d 1309

**THE HIGHLANDS, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**Steven W. HOSAC and Georgia L. Hosac, husband and wife, Defendants–Appellants.**

No. 22930.

Supreme Court of Idaho,
Boise, February 1997 Term.

April 24, 1997.

68

Cosho, Humphrey, Greener & Welsh, Boise, for defendants–appellants. Frederic V. Shoemaker argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for plaintiff–respondent. Stephen A. Bradbury argued.

SILAK, Justice.

This is an appeal from a district court order issuing a permanent injunction requiring appellants to remove a 1,250–square–foot encroachment from the property of respondent, and ordering appellants to compensate respondent for the rental value of the property during the encroachment. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In October 1986, appellant Steven W. Hosac (Hosac) and Geoffery Smith formed The Highlands Development Corporation (HDC) to develop land in Boise, Idaho owned by respondent The Highlands, Inc. Hosac is a real estate developer and licensed surveyor and a civil engineer. Geoffery Smith is the son of Richard B. Smith, president of The Highlands, Inc.

In December 1986, The Highlands, Inc. and HDC entered into a real estate agreement whereby HDC purchased 22 acres for $328,680 for the development of the Hackberry No. 1 subdivision. The Highlands, Inc. was to receive two-thirds of the net sale proceeds from each lot in the subdivision. Because at the time of purchase boundary lines for the subdivision were preliminary, the agreement did not speak of a total acreage or a price per acre.

HDC intended to build three patio homes on the premiere lots in the Hackberry No. 1 subdivision. One of these homes was to be the future home of the Hosacs, and it would also serve as the model home for the subdivision.

In November 1987, The Highlands, Inc. executed a correction deed refining the boundaries of the subdivision and enlarging it from 21.421 acres to 21.841 acres. Eighty percent of this extra land became part of the Hosacs' homesite. No additional money or consideration was exchanged as a result of this transaction.

The preliminary map of Hackberry No. 1 containing 34 lots was later replatted to provide for additional lots. Specifically, Lots 33 and 34 were resubdivided into five smaller building lots and two access lots. One of these building lots, Lot 40, a promontory lot at the top of the Hackberry No. 1 subdivision, was chosen for the Hosacs' new home. However, after dividing Lots 33 and 34, Hosac discovered that there was not enough land to accommodate the house he wanted to build. Therefore, Hosac asked The Highlands, Inc. for an additional 0.113 acres of land adjoining Lot 40 so that his home would satisfy side yard and setback requirements. In August 1988, two weeks before construction on the Hosacs' home was to begin, The Highlands, Inc. executed a deed for the additional lands Hosac requested at no cost. The area of encroachment which is the subject of

this suit adjoins this additional strip of 0.113 acres. Construction on the Hosacs' home began on September 1, 1988.

During the construction of the subdivision, The Highlands, Inc. permitted several physical encroachments by HDC and other homeowners in Hackberry No. 1 upon property owned by The Highlands, Inc. A sandstone rock wall, trees and shrubs with a sprinkler system and landscape lighting were placed on The Highlands, Inc.'s property adjacent to the entrance to the subdivision. Additionally, HDC removed excess dirt in developing the subdivision and placed it on a large area of The Highlands, Inc.'s property where the Hackberry No. 2 subdivision was proposed to be developed. Third, upon completion of the subdivision, The Highlands, Inc. permitted Hosac and other residents to plant trees and do additional landscaping along Hackberry Way, the main road into the subdivision.

Sometime between January and March 1989, Hosac and Geoffery Smith discovered that a portion of the Hosacs' driveway, as well as some surrounding landscaping for Lot 40, appeared to encroach onto The Highlands, Inc.'s property. Later measurements revealed the encroachment area to be 17 feet at its widest point, comprising a total of 1,250 square feet of the 442 acres of property owned by The Highlands, Inc. Hosac later made offers to purchase the encroachment area, but Hosac and The Highlands, Inc. were unable to agree upon the terms.

In May 1993, The Highlands, Inc. filed a complaint against the Hosacs seeking damages for the encroachment and a permanent injunction requiring the Hosacs to remove it. Following a bench trial in February 1996, the district court issued its memorandum decision finding that the Hosacs had not shown that The Highlands, Inc. waived its right to object to the encroachments, nor had they shown that The Highlands, Inc. was estopped to object. The district court thereafter issued an order requiring the Hosacs to remove the encroachments, and also awarded The Highlands, Inc. damages for the rental value of the property during the encroachment. The Hosacs appealed.

## II.

## ISSUES ON APPEAL

1. Whether the district court's failure to address quasi-estoppel, the main theory of the Hosacs' case, requires remand for further proceedings by the trial court.

2. Whether the district court erred in concluding that the doctrine of quasi-estoppel did not prevent The Highlands, Inc. from demanding that the encroachment be removed.

The Highlands, Inc. raises the following additional issue on appeal:

1. Whether The Highlands, Inc. is entitled to recover its attorney fees on appeal pursuant to I.C. § 12–121.

## III.

## STANDARD OF REVIEW.

A trial court's findings of fact "which are supported by substantial and competent, although conflicting, evidence will not be set aside on appeal." *Kootenai Elec. Co-op. v. Washington Water Power Co.*, 127 Idaho 432, 434, 901 P.2d 1333, 1335 (1995). This Court will liberally construe the lower court's findings of fact in favor of the judgment entered. *Id.* at 434–35, 901 P.2d at 1335–36. The credibility and weight given to the evidence is in the province of the trial judge as the trier of fact, and the findings made by the trial judge will not be set aside unless clearly erroneous. *Id.* at 435, 901 P.2d at 1336. With respect to the trial court's conclusions of law, this Court "is not bound by the legal conclusions of the district court and is free to draw its own conclusions from the facts presented." *Id.*

The theories of waiver and estoppel present mixed questions of law and fact. *Independent Gas & Oil Company v. T.B. Smith Co.*, 51 Idaho 710, 724–25, 10 P.2d 317, 322 (1932). Because mixed questions of fact and law are primarily questions of law, we review them *de novo*. *Doolittle v. Meridian Joint Sch. Dist.*, 128 Idaho 805, 811, 919 P.2d 334, 340 (1996).

## IV.

## ANALYSIS

**A. The District Court Made Sufficient Findings Of Fact And Conclusions Of Law With Respect To The Hosacs' Theory Of Quasi–Estoppel And Remand Is Therefore Not Required.**

■ The Hosacs first argue that the district court failed to make findings of fact and conclusions of law with respect to the main theory of their case, quasi-estoppel, and that this asserted defect requires remand for further proceedings. In all actions tried to a court without a jury, the trial court is required to make specific findings of fact and conclusions of law which support its decision. I.R.C.P. 52(a); *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). The purpose of I.R.C.P. 52(a) is to provide the appellate court with a clear understanding of the trial court's decision so that it may determine whether the trial court applied the proper law in reaching its ultimate judgment. *Pope*, 103 Idaho at 225, 646 P.2d at 996. The failure of the trial court to make specific findings and conclusions will be disregarded only where the answers are clear and obvious from the record. *Smith v. Idaho State Univ. Fed. Credit Union*, 114 Idaho 680, 684 n. 4, 760 P.2d 19, 23 n. 4 (1988).

The Hosacs argue that the district court's memorandum decision (which the court adopted as its findings of fact and conclusions of law in its order issuing the permanent injunction), is insufficient under I.R.C.P. 52(a) because it does not explicitly address the doctrine of quasi-estoppel. From the record, it is clear that the Hosacs' defenses to The Highlands, Inc.'s encroachment action were waiver and estoppel. These affirmative defenses were specifically pled in the Hosacs' answer to the complaint. Counsel for the Hosacs argued the applicability of the doctrine of quasi-estoppel in his opening and closing statements at trial.

■ With respect to the sufficiency of the district court's decision, although the district court did not use the precise words "quasi-estoppel," it made numerous findings of fact, and conclusions of law based on those findings, in support of its decision that the Hosacs had not proven that The Highlands, Inc. should be estopped from objecting to the encroachment. For example, in its decision the district court stated as follows:

> The Defendants contend that Highlands Incorporated should be estopped to challenge the encroachment, or it has waived its right to object to it . . .
>
> The failure of Highlands Incorporated to object to these [earlier] encroachments does not constitute estoppel or waiver . . .
>
> The evidence shows that . . . Highlands Incorporated at least tacitly approved these [earlier] encroachments in advance . . . There were certainly reasons why it did so. These encroachments benefited Highlands Incorporated . . .
>
> In both of [the earlier instances of encroachment], Highlands Incorporated was asked if it would deed additional land to Highlands Development, and it agreed to do so. A landowner's agreement to give land at no cost when asked does not estop the landowner from objecting to the later taking of his land without being asked . . .
>
> By failing to object to all encroachments, a landowner does not lose the right to object to a particular encroachment . . . In addition, Highlands Incorporated does not have plans to utilize the land covered by those encroachments in a future development. It does have plans for the land covered by the Defendants' encroachment.

■ The district court's consideration of the elements of quasi-estoppel is apparent. Quasi-estoppel is properly invoked against a person asserting a claim inconsistent with a position previously taken by that person with knowledge of the facts and his or her rights, to the detriment of the person seeking application of the doctrine. *KTVB, Inc. v. Boise City*, 94 Idaho 279, 282, 486 P.2d 992, 995 (1971); *see also Willig v. Dep't. of Health & Welfare*, 127 Idaho 259, 261, 899 P.2d 969, 971 (1995); *Mitchell v. Zilog, Inc.*, 125 Idaho 709, 715, 874 P.2d 520, 526 (1994). The district court ruled The Highlands, Inc. was not asserting an inconsistent position simply by its conduct in allowing other encroachments by other parties, while objecting to the

Hosacs' encroachment. Therefore, even though the district court did not use the words "quasi-estoppel" or discuss its elements, we hold that it is clear from the record that the court applied the doctrine of quasi-estoppel in its memorandum decision. *Smith v. Idaho State Univ. Fed. Credit Union*, 114 Idaho at 684, 760 P.2d at 23.

■ The Hosacs also claim that the district court erroneously applied the doctrine of equitable estoppel. We find this argument to be without merit for two reasons. The district court's decision contains no discussion whatsoever of two of the essential elements of equitable estoppel, misrepresentation and reliance. *Willig*, 127 Idaho at 261, 899 P.2d at 971. Additionally, the defense of equitable estoppel was never pled nor argued by the Hosacs, so it is unlikely that the district court would have applied this doctrine.

■ In their initial brief on appeal, the Hosacs also state that the district court failed to consider the doctrine of relative hardships. We decline to address this issue, however, as it was not specifically listed as an issue on appeal as required by I.A.R. 35(a)(4), and was not thoroughly briefed. *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989). For the foregoing reasons, we conclude that the district court's findings of fact and conclusions of law did address the defense of quasi-estoppel. The record is adequate for appellate review, and therefore remand is unnecessary.

### B. The District Court Properly Concluded That The Doctrine Of Quasi-Estoppel Would Not Prevent The Removal Of The Encroachment.

The Hosacs next argue that the facts found by the district court mandate application of the doctrine of quasi-estoppel. To assess the merits of this argument, we examine each of the elements of quasi-estoppel and the facts found by the district court.

#### 1. Change of position.

When HDC and The Highlands, Inc. entered into the real estate agreement whereby HDC purchased the land to develop the Hackberry No. 1 subdivision, the parties understood that there might be changes to the boundary lines. During the course of the development of the subdivision, The Highlands, Inc. allowed certain encroachments by HDC for boundary adjustments, landscaping, grading and filling, and the planting of trees along a roadway in the subdivision by residents. The district court found that The Highlands, Inc. at least tacitly approved these encroachments in advance and The Highlands, Inc. concedes that it did not object to these encroachments. The Highlands, Inc. allowed the encroachments at no cost to HDC. The district court found that the reason The Highlands, Inc. allowed these encroachments was because The Highlands, Inc. benefitted financially from them. The Highlands, Inc. was to be paid for the land by receiving two-thirds of the net sale price of each lot sold. Thus, The Highlands, Inc. had a financial interest in the subdivision being a success and the lots selling promptly.

■ The encroachment at issue in the present case involves a strip of land 80 to 90 feet long and seventeen feet wide on The Highlands, Inc.'s property adjoining the Hosacs' lot. The Hosacs argue that The Highlands, Inc. should be estopped from complaining about the encroachment as The Highlands, Inc. is taking a position inconsistent with the one it took with respect to the approved encroachments. We disagree. The approved encroachments were for the benefit of HDC and the entire subdivision. The encroachment at issue in this case did not benefit the subdivision, but rather benefitted only the Hosacs' residence.

Further evidence that The Highlands, Inc. is not taking an inconsistent position is that The Highlands, Inc. agreed to all of the other encroachments. In fact, The Highlands, Inc. even deeded additional land to HDC on two occasions when asked to do so, at no cost to HDC. The Highlands, Inc. was not asked about this strip of land before Hosac encroached on it. Moreover, with respect to the encroachment at issue, it is clear that Hosac himself realized it was not the same as the earlier ones since he attempted to purchase it. The other encroachments were allowed at no cost to HDC. Thus, we hold that

the district court correctly concluded that the Hosacs failed to establish the first element of quasi-estoppel, *i.e.,* that The Highlands, Inc. took an inconsistent position with respect to this encroachment to the detriment of the Hosacs. The Highlands, Inc. did not assert an inconsistent position with respect to this encroachment which solely benefitted the Hosacs. The previous encroachments were of an entirely different nature. We therefore affirm the district court's findings and conclusions with respect to this issue.

### 2. Unconscionability.

■ The district court made several findings which demonstrate that Hosac reasonably knew, or should have known, that he was encroaching on property other than his own. Hosac is a developer and a licensed surveyor and civil engineer; moreover, the boundary lines were staked and easily determinable. Further, the evidence showed that the Hosacs' home would not suffer a loss of value due to removal of the encroachment. Thus, in view of the fact that Hosac was not an innocent encroacher, we affirm the district court's determination that the cost of removal was not so onerous to the Hosacs that it would be unconscionable to require removal.

## V.

### CONCLUSION

We hold that the district court's findings of fact and conclusions of law were sufficient in addressing the Hosacs' defense of quasi-estoppel under I.R.C.P. 52(a) to permit appellate review. We further hold that the district court correctly concluded that the Hosacs failed to establish that they are entitled to the application of the doctrine of quasi-estoppel to permit their encroachment.

Accordingly, the decision and order of the district court requiring the Hosacs to remove the encroachment and to compensate The Highlands, Inc. for the fair rental value of the encroachment are affirmed.

No attorney fees on appeal. Costs on appeal to respondent.

TROUT, C.J., and SCHROEDER, J., and WOODLAND and ANDERSON, JJ. Pro Tem., concur.