HORTON, Justice.
This appeal arises from a declaratory judgment action brought by Farm Bureau Mutual Insurance Company of Idaho (Farm Bureau). Farm Bureau commenced the action in response to a claim for insurance benefits filed by the personal representatives of the estate of a deceased policyholder (the Estate). Farm Bureau requested a judgment declaring that the Estate is not an “insured” under the decedent’s insurance policy (the Policy) and is therefore not entitled to payment of wrongful death damages under the Policy’s underinsured motorist coverage.
The district court granted the Estate’s motion for summary judgment, determining that Idaho’s wrongful death statute, I.C. § 5-311, entitles the insured’s Estate to recover damages for wrongful death and that the Policy provided coverage for those damages. Farm Bureau timely appealed. We reverse.
I. FACTUAL AND PROCEDURAL BACKGROUND
Farm Bureau sold Patricia Eisenman an insurance policy that provided coverage up to $500,000 for damages caused by an underinsured motorist. While crossing a Boise street on November 30, 2007, Eisenman was struck and killed by a car driven by a drunk driver. The driver’s insurance carrier paid the Estate $50,000, which was the limit of the policy’s liability coverage. Because the liability limit of the driver’s policy was less than Eisenman’s underinsured motorist coverage limit, the driver is an underinsured motorist within the definition in Eisenman’s policy.
Eisenman is survived by four adult children: Michael Eisenman, Kathryn Marie, Rebecca MeGavin, and Peter Eisenman (the Heirs). None of the Heirs were named as insureds on the Policy nor did any of the *552 Heirs live with Eisenman at the time of her death. Michael Eisenman and Kathryn Marie were appointed to serve as personal representatives of the Estate. On April 28, 2010, the Estate submitted a proof of loss to Farm Bureau. Pursuant to the underinsured motorist provision, the Estate claimed medical and funeral expenses and sought payment of damages for wrongful death under I.C. § 5-311. Eisenman’s policy provided accidental death coverage, and Farm Bureau paid that benefit to the Estate as well as $22,941.40 for the “special damages” listed in the proof of loss. However, Farm Bureau denied the claim for wrongful death damages.
Farm Bureau first filed an action for declaratory relief on May 26, 2010. Farm Bureau later amended the complaint and asked for a declaration that the Heirs and the Estate “are not insureds under [the Policy] and that they cannot recover underinsured motorist payments under the underinsured motorist coverage....” The Estate and Heirs counterclaimed against Farm Bureau for breach of contract. The parties filed motions for summary judgment on the issue of whether the Estate or the Heirs are entitled to payment of wrongful death damages under the Policy’s underinsured motorist coverage provisions. The district court denied Farm Bureau’s motion and granted summary judgment in favor of the Estate and Heirs. Farm Bureau timely appealed and asks this Court to vacate the district court’s judgment and enter judgment in its favor.
II. STANDARD OF REVIEW
This Court reviews appeals from an order of summary judgment de novo and uses the same standard the trial court uses in ruling on a motion for summary judgment. Curlee v. Kootenai Cnty. Fire & Rescue, 148 Idaho 391, 394, 224 P.3d 458, 461 (2008) (citing Lockheed Martin Corp. v. Idaho State Tax Comm’n, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006)). Under that standard, summary judgment is appropriate if “the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” I.R.C.P. 56(c). Additionally, we construe disputed facts in favor of the non-moving party, and draw all reasonable inferences from the record in favor of the non-moving party. Curlee, 148 Idaho at 394, 224 P.3d at 461. Where “the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review.” Lockheed, 142 Idaho at 793, 134 P.3d at 644.
This Court exercises free review over questions of statutory interpretation and application. Flying Elk Inv., LLC v. Cornwall, 149 Idaho 9, 15, 232 P.3d 330, 336 (2010) (citations omitted). On review, “[a]n unambiguous statute must be given its plain, usual, and ordinary meaning. Statutory provisions should not be read in isolation but instead are interpreted in the context of the entire document.” Id. “A statute is ambiguous where the language is capable of more than one reasonable construction.” Hayden Lake Fire Prot. Dist. v. Alcorn, 141 Idaho 388, 398, 111 P.3d 73, 83 (2005) (quotation omitted), rev’d on other grounds by Farber v. Idaho State Ins. Fund, 152 Idaho 495, 272 P.3d 467 (2012). However, statutory language is not ambiguous “merely because the parties present differing interpretations to the court.” State v. Doe, 140 Idaho 271, 274, 92 P.3d 521, 524 (2004) (citing Matter of Permit No. 36-7200, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992)).
In interpreting an insurance policy, “where the policy language is clear and unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used.” Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co., 141 Idaho 660, 662, 115 P.3d 751, 753 (2005) (quoting Clark v. Prudential Prop. & Cas. Ins. Co., 138 Idaho 538, 541, 66 P.3d 242, 245 (2003)). A policy is ambiguous if it “is reasonably subject to conflicting interpretations.” Cherry v. Coregis, 146 Idaho 882, 884, 204 P.3d 522, 524 (2009) (citing Farmers Ins. Co. of Idaho v. Talbot, 133 Idaho 428, 432, 987 P.2d 1043, 1047 (1999)). We exercise free review in determining whether an insurance policy is ambiguous. Arreguin v. *553 Farmers Ins. Co. of Idaho, 145 Idaho 459, 461, 180 P.3d 498, 500 (2008) (citing Talbot, 133 Idaho at 432, 987 P.2d at 1047).
III. ANALYSIS
A. Eisenman’s underinsured motorist coverage does not extend to heirs that are not insureds merely because the Estate is entitled to bring a wrongful death action on behalf of the heirs.
The Estate argues that it holds all contract rights the decedent held before her death and that it is legally entitled to recover damages for Eisenman’s death under Idaho’s wrongful death statute, Idaho Code § 5-311. Therefore, it argues, the Estate is entitled to payment of those damages pursuant to the underinsured motorist provision in the Policy, which provides that Farm Bureau will pay damages that an insured, as defined by the Policy, is legally entitled to recover.
The personal representative of an estate is “a fiduciary,” who is “under a duty to settle and distribute the estate of the decedent----” I.C. § 15-3-703(a). However, as we explained in Whitley v. Spokane & Inland Railway Company, the personal representative’s role in the context of wrongful death actions is only “as trustee for the heirs.” 23 Idaho 642, 659, 132 P. 121, 126 (1913), aff'd sub nom. Spokane & I.E.R. Co. v. Whitley, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915). Along with these duties, a personal representative may “[e]xercise the same power as the decedent in performance, compromise or refusal to perform the decedent’s contracts which continue as obligations of the decedent’s estate.” I.C. § 15-3-715(3). Idaho Code further provides that:
Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at his death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as his decedent had immediately prior to death.
I.C. § 15-3-703(c) (emphasis added). Thus, while the personal representative “steps into the shoes” of the decedent to administer the estate, and may sue on causes of action the decedent may have pursued, the personal representative may not bring an action that abated upon the death of the decedent.
Any damages an estate recovers in an action for the wrongful death of the decedent inure solely to the benefit of the heirs. Claims for pain and suffering abate upon the death of the injured person. Evans v. Twin Falls Cnty., 118 Idaho 210, 216, 796 P.2d 87, 93 (1990) (quoting Vulk v. Haley, 112 Idaho 855, 859, 736 P.2d 1309, 1313 (1987)). However, the heirs of a person who has been killed by a tortfeasor have a separate cause of action against the tortfeasor under Idaho’s wrongful death statute:
When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured.
I.C. § 5-311(1) (emphasis added). A wrongful death claim is “an entirely new cause of action____” Castorena v. Gen. Elec., 149 Idaho 609, 616, 238 P.3d 209, 216 (2010). This cause of action is “entirely distinct from any action the decedent may have brought on her own behalf, prior to her death____” Id. at 619, 238 P.3d at 219 (citing Russell v. Cox, 65 Idaho 534, 539, 148 P.2d 221, 223 (1944)). Further, we have held that a judgment granted in a wrongful death action “inures to the benefit of the hens of the decedent and in no ease becomes a part of the assets of the estate of the deceased.” Whitley, 23 Idaho at 659, 132 P. at 126; see also Moon v. Bullock, 65 Idaho 594, 605, 151 P.2d 765, 770 (1944) (holding that “no right of action is given to the estate of the victim of a tort, but is granted only to his heirs ... [i]f there are no heirs, no right of action vests in anybody.”), overruled on other grounds by Doggett v. Boiler Eng’g & Supply Co., Inc., 93 Idaho 888, 477 P.2d 511 (1970); Russell, 65 Idaho at 534, 148 P.2d at 223 (holding that the cause of action created by I.C. § 5-311 “does not benefit the estate.”), superseded in part by statute, I.C. § 5-327. Thus, a deee *554 dent’s estate is not legally entitled to recover damages for the decedent’s wrongful death; only the decedent’s heirs may recover those damages, either through an action brought by the heirs themselves or through an action brought by the estate on behalf of the heirs.
In this case, while the Estate may pursue a wrongful death claim on behalf of the Heirs, the underinsured motorist coverage does not extend to the Heirs or the Estate because they are not insureds under the Policy. The Policy language governing the coverage for injuries caused by underinsured motorists provides that “[Farm Bureau] will pay damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured____” (emphasis original). Under the plain language of the Policy, the underinsured motorist provision only pays damages to which an insured is entitled. The Heirs concede that they are not insureds as defined in the Policy. Because Eisenman’s own cause of action against the underinsured motorist in this case abated upon her death, we hold that the Heirs are not entitled to payment for wrongful death pursuant to the underinsured motorist coverage.
As to the Estate, it is true that it assumed Eisenman’s contractual rights and obligations, along with the right to enforce any causes of action that Eisenman may have possessed. However, under the plain language of the wrongful death statute, the Estate is not legally entitled to recover damages for itself, but only to bring an action on behalf of the heirs to recover their damages. As explained in Whitley, the Estate — as a fiduciary or agent of the Heirs — does not have a separate legal interest in the judgment. Consequently, we hold that the Estate is not legally entitled to recover underinsured motorist benefits under the Policy for Eisenman’s wrongful death.
B. Farm Bureau’s arguments are not barred by any doctrine of estoppel.
The Estate also contends that Farm Bureau should be estopped from arguing that Farm Bureau has never paid damages to the Estate pursuant to the underinsured motorist provision and that the provision does not contain a promise to pay damages to the Estate. We hold that no estoppel theory applies in this case.
The Estate has not favored this Court with any citations to authority regarding its argument for estoppel. However, considering the Estate’s framing of the issue, the only estoppel doctrine that might apply is quasi-estoppel. Generally, quasi-estoppel applies to situations wherein “it would be unconscionable to allow a party to assert a right that is inconsistent with a prior position.” Sagewillow, Inc. v. Idaho Dep’t of Water Res., 138 Idaho 831, 845, 70 P.3d 669, 683 (2003) (citing Willig v. Idaho Dep’t of Health & Welfare, 127 Idaho 259, 899 P.2d 969 (1995)). More specifically, we have held that “[q]uasi-estoppel is properly invoked against a person asserting a claim inconsistent with a position previously taken by that person with knowledge of the facts and his or her rights, to the detriment of the person seeking application of the doctrine.” The Highlands, Inc. v. Hosac, 130 Idaho 67, 70, 936 P.2d 1309, 1312 (1997) (citing KTVB, Inc. v. Boise City, 94 Idaho 279, 282, 486 P.2d 992, 995 (1971)). Usually, a party’s failure to cite any authority for its position would result in the issue being waived. State v. Zichko, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (citations omitted) (holding that issues “not supported by propositions of law, authority, or argument ...” are waived “if either authority or argument is lacking, not just if both are lacking.”). But in this case, we take the opportunity to make it clear that where an insurer pays some valid claims pursuant to a provision of a policy it issued, it is not thereby estopped from subsequently denying other claims that are not valid under the policy.
Pursuant to the Policy, Farm Bureau paid the Estate for Eisenman’s hospital and funeral expenses and for an accidental death benefit. Because Eisenman herself was entitled both to the death benefit and to recover her hospital and funeral expenses, the Estate stepped into Eisenman’s shoes for those claims, and Farm Bureau made those payments to the Estate. Farm Bureau’s payment of these legitimate claims under the insurance contract does not constitute a *555 change of position or an admission that coverage exists for other claims. We hold that these payments do not prevent Farm Bureau from arguing that it is not required to pay the Estate for damages that Eisenman was not legally entitled to recover.
C. The Estate is not entitled to attorney fees pursuant to Idaho Code § 41-1839.
The Estate argues that it is entitled to attorney fees pursuant to Idaho Code § 41-1839 because Farm Bureau failed to pay the wrongful death damages that were “justly due” within thirty days of receiving the Estate’s proof of loss. Before an insured is “entitled to an award of attorney fees under this provision, the insured must prevail.” Arreguin v. Farmers Ins. Co. of Idaho, 145 Idaho 459, 464, 180 P.3d 498, 503 (2008) (citing Slaathaug v. Allstate Ins. Co., 132 Idaho 705, 711, 979 P.2d 107, 113 (1999)). Because the Estate is not the prevailing party on appeal, it is not entitled to attorney fees.
IV. CONCLUSION
We reverse the judgment of the district court and remand this matter to the district court for entry of a judgment in favor of Farm Bureau. Costs to Farm Bureau.
Chief Justice BURDICK and Justice EISMANN concur.