**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45811**

| | |
|---|---|
| In the Interest of:  JOHN DOE II, A Child Under Eighteen (18) Years of Age. | ) ) |
| JANE DOE and JOHN DOE I, | ) |
| | ) **Filed:  June 21, 2018** |
| Petitioners-Respondents, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHN DOE (2018-12), | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, vacated and case remanded.

Aaron J. Bazzoli, Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Wendy M. Powell, Meridian, for respondents.

_____

GUTIERREZ, Judge

John Doe challenges the magistrate's termination of his parental rights.  Doe argues that he was denied due process because he was not notified of the hearings and trial regarding the termination of his parental rights.  Doe also argues he was denied due process because he was appointed an attorney, and his attorney was omitted from all notices of hearing on the petition to terminate his parental rights.  For the reasons provided below, we vacate the judgment terminating John's parental rights and remand the case.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jane and John have one child together.  On August 25, 2017, Jane and the child's stepfather filed a petition to terminate John's parental rights.  The petition was personally served

1

on John in a public place. On September 28, 2017, John filed and served a response, which included a Nampa address for notice of further proceedings. John then filed a motion for appointment of counsel, which was granted.[1] The order contained notice of a hearing set for December 6, 2017. The order appointing counsel appears to be a form which the deputy clerk filled in. It is unclear from the record whether the order appointing counsel was served on John, his counsel, or Jane.[2]

Notice of the December 6 hearing was also issued by the court two weeks after the scheduled December 6, 2017, hearing. The notice indicates that it was sent to Jane's counsel and to a Caldwell address instead of the Nampa address contained in John's response. There is no indication that notice was sent to John's appointed counsel.

Another notice was issued by the court on January 4, 2018, for a hearing set for February 2, 2018. The notice again was addressed to the Caldwell address, not the Nampa address provided by John in his response. Additionally, there is no indication that the notice was sent to John's appointed counsel. Neither John nor his counsel appeared at the February 2, 2018, hearing. At the February hearing, the magistrate indicated it would issue notice for the trial date for the termination of parental rights on March 2, 2018. The record does not contain any notice of the March trial date. Neither John nor his counsel appeared at the trial hearing, at which John's parental rights were terminated. The magistrate issued a judgment terminating parental rights. The judgment was sent solely to John at the Caldwell address, not the Nampa address he provided on his response. John timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States

---

[1] The record does not contain John's motion for appointment of counsel.

[2] The order states
I HEREBY CERTIFY that on this 3 day of October, 2017, I caused to be forwarded a true and correct copy of the foregoing order to the following persons:
    Public Defender
    Prosecuting Attorney
    Conflict Attorney

2

Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Doe*, 143 Idaho at 386, 146 P.3d at 652. Additionally, due process requires that a parent receive notice reasonably calculated under all the circumstances, to apprise interested parties of the continued pendency of proceedings affecting their interest in custody of their children, and afford them an opportunity to present their objections. *Idaho Dep't of Health & Welfare v. Doe*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Jul. 22, 2016); *Herrera v. Estay*, 146 Idaho 674, 781, 201 P.3d 647, 654 (2009).

### III.

### ANALYSIS

John argues his procedural due process rights were violated because the magistrate did not provide adequate notice to apprise him of the hearings and trial prior to terminating his parental rights. John argues this shortcoming deprived him of an opportunity to be heard.[3] Jane

---

[3]     As a preliminary matter, we must note that John does not challenge service of process, but solely raises the issue of whether he was provided adequate notice of the proceedings relating to the termination of his parental rights.

argues she provided notice to John's current address.[4] Jane also argues she was unaware of John's appointment of counsel.[5]

Idaho Rule of Civil Procedure 5(b)(1) requires that for any written notice to a party that is represented by an attorney, service is to be made on the attorney unless the court orders service on the party. Idaho Code § 16-2007 requires that service be made on all parents in termination proceedings. Therefore, read together, procedural due process for termination of parental rights cases requires notice to both the attorney of record, if one so exists, and the party. Based on the record, the only address provided for John was the Nampa address on his responsive pleading.[6] No notices were sent to this address. Further, John was appointed counsel, yet no notices were sent to counsel. The record does not contain any information regarding the Caldwell address where the notices were actually sent. The only address contained in the record bearing a connection to John is the Nampa address contained in the responsive pleading submitted by John. That address is not the same address which court and counsel sent notices to. Based solely on the record provided, it appears notice was inadequate. Here, notices were solely sent to John, at an address that was different than the address provided by John in his responsive pleading. However, the issue of whether John was provided adequate notice to comply with constitutional due process strictures was not raised below. Moreover, the magistrate did not have the opportunity to address the arguments presented before us, nor did the magistrate address the issue of notice below.

In all actions tried before a court without a jury, the trial court is required to make specific findings of fact and conclusions of law which support its decision. I.R.C.P. 52. The purpose of I.R.C.P. 52 is to provide the appellate court with a clear understanding of the trial

---

[4] Jane argues that she sent notice to the address provided by John in the investigation report. The record does not contain the investigation report; therefore this statement cannot be checked for accuracy.

[5] Jane asserts in her briefs that Odyssey went live shortly after counsel was appointed, and counsel failed to indicate via Odyssey that he was attorney of record. Therefore, she was unaware John was represented. Nothing in the record supports this assertion. Jane also argues, though in her "Background" section, that any mistake in not notifying John's counsel of the hearings was "negated by the fact that John was provided with ample notice."

[6] Jane presents information that is not supported by the record and references documents not contained in the record.

4

court's decision so that it may determine whether the trial court applied the proper law in reaching its ultimate decision. *The Highlands, Inc. v. Hosac*, 130 Idaho 67, 70, 936 P.2d 1309, 1312 (1997). Therefore, the court, when sitting as the trier of fact, is charged with the duty of preparing findings of fact in support of its decision, and absence of findings may be disregarded by the appellate court only where the record is clear and yields an obvious answer to the relevant question. *Trautman v. Hill*, 116 Idaho 337, 338, 775 P.2d 651, 652 (Ct. App. 1989). The magistrate did not make a factual finding regarding whether John received adequate notice.[7] Thus, the record lacks a clear and obvious answer as to whether the Caldwell address to which the notices were sent by the court and Jane's counsel were adequate to notify John of the hearings and trial. Additionally, the record is not clear or obvious regarding the failures of court and counsel to provide John's counsel with notice of the hearings and trial. Therefore, since the record on appeal does not establish adequate notice and because the magistrate must make that determination, we vacate the judgment and remand this matter to the magistrate.

## IV.
## CONCLUSION

The record on appeal lacks factual findings or rulings for this Court to determine whether proper notice was provided. Therefore, we cannot make a determination regarding whether the constitutional mandates of procedural due process were met in this situation. Accordingly, the judgment of the magistrate is vacated and this case is remanded to the magistrate for proceedings consistent with this opinion.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[7] In the magistrate's findings of fact, it solely found service of process was adequate. It did not mention notice of subsequent hearings and termination proceedings.