120 P.3d 278

Frank Lane FOSTER and Edith
Foster, husband and wife,
Plaintiffs–Appellants,

v.

John B. TRAUL, M.D., John Tatham,
CRNA, Anesthesia Associates of Poca-
tello, P.A., and Pocatello Regional Medi-
cal Center, Defendants–Respondents.

No. 30052.

Supreme Court of Idaho,
Boise, March 2005 Term.

July 21, 2005.

Rehearing Denied Sept. 12, 2005.

Lowell N. Hawkes, Chtd., Pocatello, for appellants. Lowell N. Hawkes argued.

Quane, Smith, LLP, Boise, and Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, for respondents Tatam, Traul & Anesthesia Associates. Matthew F. McColl argued.

Dalling & Dalling, Pocatello, for respondent Pocatello Regional Medical Center.

BURDICK, Justice.

Frank Lane Foster sued Pocatello Regional Medical Center (PRMC) and medical service providers, alleging medical negligence and lack of informed consent. Foster appeals from a district court's grant of summary judgment on both counts in favor of the Defendants. We affirm in part and vacate in part, remanding for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Immediately after undergoing back surgery at PRMC in December of 1998, Foster discovered he had lost all vision in his right eye, and suffered from reduced vision in his left eye. His condition was later diagnosed as posterior ischemic optic neuropathy. Foster filed a petition for a prelitigation screening panel. Following its investigation the panel issued a written report, and several months later Foster brought the present action in Bannock County District Court.

The defendants named in Foster's complaint were Dr. John B. Traul, an anesthesiologist; Anesthesia Associates of Pocatello, P.A., (Anesthesia Associates) to which Dr. Traul was affiliated; John Tatham, a Certified Registered Nurse Anesthetist; and PRMC. Tatham and Dr. Traul had provided anesthesia services during Foster's back surgery.

Tatham and Anesthesia Associates filed a motion to dismiss, asserting the statute of limitations had run on Foster's claims against them. After a hearing the district court granted Tatham's motion to dismiss, but ruled that Anesthesia Associates remained potentially liable as Dr. Traul's employer. No appeal was taken from that order.

Dr. Traul and PRMC moved for summary judgment. In addition to deposition testimony, the Defendants' motion was supported by affidavits from Dr. Traul and Cindy Richardson, R.N. In opposition to the motion Foster submitted an affidavit from Dr. John Patton, an anesthesiologist, seeking to establish that the Defendants negligently breached the applicable standard of care.

The Defendants filed a motion to strike and an objection to the Patton affidavit, asserting among other grounds that Dr. Patton had failed to demonstrate actual knowledge of the standard of care applicable to anesthesiology as practiced in Pocatello, Idaho, that Dr. Patton had not shown an adequate foundation to testify concerning neurosurgery or ophthalmology, and that Dr. Patton improperly relied upon the inadmissible report of the prelitigation screening panel.

The district court struck the Patton affidavit on the grounds that Dr. Patton had relied in part on the inadmissible prelitigation screening panel report. The court also found that Dr. Patton failed to establish the necessary foundation to testify as to matters of causation or the standard of care as it related to the PRMC nursing staff. Without the affidavit Foster had presented no expert testimony alleging a breach of the applicable standard of care. On that basis the district court granted the motion for summary judgment and extinguished Foster's claims against all parties. Dr. Patton submitted a second affidavit, and Foster moved for reconsideration of the decision to strike the Patton affidavits and to grant summary judgment. After a further hearing the motion for reconsideration was denied.

Foster filed a timely appeal that is now before this Court.

## II. STANDARD OF REVIEW

■ In reviewing a ruling on a summary judgment motion, this Court employs the same standard as that used by the district court. *Sprinkler Irrigation Co. v. John Deere Ins.*, 139 Idaho 691, 695, 85 P.3d 667, 671 (2004). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving part is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "Judgment shall be granted to the moving party if the nonmoving party fails to make a showing sufficient to establish an essential element to the party's case." *McColm–Traska v. Baker*, 139 Idaho 948, 950–51, 88 P.3d 767, 769–70 (2004). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Sprinkler Irrigation Co.*, 139 Idaho at 695–96, 85 P.3d at 671–72.

## III. ANALYSIS

### A. Rule 56 Does Not Require The Moving Party To Set Forth Specific Facts Negating The Non–Moving Party's Claims.

■ Foster contends a defendant moving for summary judgment must present sup-

porting affidavits setting forth specific *facts* demonstrating there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Foster argues that if such specific facts are not shown by the moving party, the party opposing summary judgment has no burden to set forth facts showing there is a genuine issue for trial.

Foster alleges the affidavits of Dr. Traul and PRMC Director of Nursing Richardson were "fact-deficient" and conclusory because the affidavits asserted the treatment provided to Foster complied with the applicable standard of care without setting forth the specifics of that standard or how it was followed. As a result, Foster maintains, the parties moving for summary judgment failed to allege facts sufficient to require him to respond with a factual showing of his own.

 The burden of showing there is no genuine issue of material fact rests with the party moving for summary judgment. *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 719, 918 P.2d 583, 588 (1996). The movant must present "evidence" establishing the absence of a genuine issue of material fact before the burden to come forward with evidence shifts to the non-moving party. *Id.; Thomson v. Idaho Ins. Agency Inc.*, 126 Idaho 527, 531, 887 P.2d 1034, 1038 (1994); *Thompson v. Pike*, 122 Idaho 690, 697–98, 838 P.2d 293, 300–01 (1992). "[I]f a party moving for summary judgment raises issues in his motion but then fails to provide any evidence showing a lack of any genuine issue of material fact with respect to those issues, the nonmoving party has no burden to respond with supporting evidence." *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho at 531, 887 P.2d at 1038.

 The plaintiff in a medical malpractice action must demonstrate by the use of expert medical testimony that the defendant negligently failed to meet the applicable standard of health care as it existed at the time and place of the alleged negligence. *Dulaney v. St. Alphonsus*, 137 Idaho 160, 164, 45 P.3d 816, 820 (2002). Here, Foster needed to demonstrate a breach of the standard of care as an essential element of his medical negligence claim. *Dunlap By and Through Dunlap v. Garner*, 127 Idaho 599, 604, 903 P.2d 1296, 1301 (1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *McGilvray v. Farmers New World Life Ins. Co.*, 136 Idaho 39, 42, 28 P.3d 380, 383 (2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986)).

 The requirement found in Idaho caselaw that a party moving for summary judgment "present evidence" is not a requirement that the party "present specific facts" as Foster implies. "Evidence" and "facts" are related but nonetheless different concepts. As a result, the summary judgment process imposes different requirements on a movant than those faced by the adverse party. Although the party moving for summary judgment must establish through "evidence" the absence of any genuine issue of material fact, there is no requirement the movant present specific facts. *See Smith*, 128 Idaho at 719, 918 P.2d at 588. Once the movant has made and appropriately supported its motion, it is the responsibility of the adverse party to come forward with evidence, *id.*, and to "set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e).

The Defendants' motions for summary judgment in this case were supported by depositions and affidavits setting forth evidence they had complied with the applicable standard of care. This evidence included the expert opinion testimony offered by Dr. Traul and Nurse Richardson in their affidavits, as well as the contents of their depositions. Consequently, when the Defendants made a showing they had complied with the standard of care, they shifted the burden and placed in question an essential element of Foster's case.

 Foster sought to meet this burden by offering Patton's affidavits, but they were struck in their entirety by the district court. Foster did not raise those rulings as issues in his present appeal. "[W]e will not review the actions of a trial court, unless the action has been listed as an issue on appeal, especially where no authorities are cited and no argu-

ment is contained in the appellate briefs." *Sun Valley Shopping Ctr. v. Idaho Power*, 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). Because the district court struck Patton's affidavits, the only evidence presented to the court on summary judgment regarding compliance with the standard of care was that provided by the Defendants. As a result, Foster failed to meet his burden on an essential element of his case and the district court properly granted summary judgment on the medical negligence claim.

## B. Summary Judgment Regarding Informed Consent

Foster alleged in his complaint that the "Defendants failed to fully inform Plaintiffs and otherwise make disclosures to them consistent with their affirmative fiduciary duty as an anesthesiologist and medical center and sufficient to allow for a requisite informed consent." Defendants Dr. Traul and PRMC moved for summary judgment, asserting they were entitled to judgment as a matter of law. The district court granted judgment to both defendants because it struck the affidavit of Dr. Patton. Thus, without the expert affidavit it appeared Foster could not support either his claim for informed consent or his claim for medical malpractice.

Foster argues his claim for informed consent was not before the district court on motion for summary judgment because it was not argued by either defendant in their briefs on summary judgment, it was not included in their affidavits, and the district court did not specifically rule on the issue.

### 1. Summary Judgment Regarding Informed Consent Was Appropriately Granted to PRMC.

In Foster's complaint, he twice raised the issue of informed consent. First, as part of the medical negligence count of the complaint, Foster alleged the hospital's nurse anesthetist was professionally negligent in failing to assure Foster gave his informed consent to surgery. We have already held that summary judgment was appropriately granted to the Defendants regarding Foster's professional negligence claim, and so

this allegation of "professional negligence" is extinguished with it.

Next, Foster alleged in the second count of his complaint that the Defendants failed to fully inform him and make disclosures allowing him to give his informed consent. This allegation regarding informed consent is separate from Foster's professional medical negligence claim.

■ Informed consent is a statutory cause of action. *See* I.C. § 39–4301 et seq. Idaho Code § 39–4306 places the duty to obtain informed consent with the attending physician, but a licensed hospital, acting with the approval of such a physician, "may perform the ministerial act of documenting such consent by securing the completion and execution of a form or statement...." In performing this ministerial act, a hospital is not deemed be engaged in the practice of medicine.

■ Foster alleges PRMC failed to fully inform him and make appropriate disclosures of the risks of surgery. However, under I.C. § 39–4306 the duty to inform and to disclose facts is not the duty of the hospital. Consequently, we affirm the district court's grant of summary judgment in favor of PRMC regarding the informed consent claim.

### 2. Summary Judgment Regarding Informed Consent Should Not Have Been Granted To Dr. Traul And Anesthesia Associates.

■ The issue of informed consent is entirely separate from that of negligence. *Sherwood v. Carter*, 119 Idaho 246, 251, 805 P.2d 452, 457 (1991). A physician may be held liable under the doctrine of informed consent even if there was no negligence in the actual treatment of the patient. *Id.* As a result, the dismissal of Foster's medical negligence claim does not in itself defeat his informed consent claim.

■ Moreover, here Foster's informed consent claim was never challenged. Only after the party moving for summary judgment meets its burden does the burden shift to the nonmoving party to come forward with sufficient evidence to create a genuine issue of material fact. *Smith*, 128 Idaho at 719,

918 P.2d at 588. "[T]he party responding to a summary judgment motion is not required to present evidence on every element of his or her case at that time, but rather must establish a genuine issue of material fact regarding the element or elements *challenged* by the moving party's motion." *Thomson,* 126 Idaho at 530, 887 P.2d at 1037.

As a result, unless the Defendants *challenged* Foster's informed consent claim he was not obligated to present evidence supporting the claim. Without an obligation to present such evidence on summary judgment, Foster's presentation of expert testimony on his informed consent claim need not be offered until his case-in-chief.

The Defendants' motions for summary judgment did not specifically mention the issue of informed consent. Review of the pleadings, depositions, and affidavits does not reveal any attempt by the Defendants to establish informed consent was given, nor to otherwise challenge Foster's informed consent claim. Absent such a challenge, Foster was under no burden to present evidence regarding informed consent in order to forestall summary judgment on that count of his complaint. *Id.*

As Foster's informed consent claim was not challenged, any failure by Foster to present expert testimony regarding that claim could not justify the district court's grant of summary judgment. The district court's grant of summary judgment in favor of Dr. Traul and Anesthesia Associates on the informed consent claim is therefore vacated.

### IV. CONCLUSION

The district court's grant of summary judgment dismissing Foster's medical negligence claims against all Defendants is affirmed. We also affirm the grant of summary judgment regarding informed consent with respect to PRMC. The grant of summary judgment in favor of Dr. Traul and Anesthesia Associates on Foster's informed consent claim is vacated, and we remand to the district court for further proceedings.

No costs or attorney fees are awarded on appeal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN, and JONES concur.