# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39611

EVA MARIE RIZZO,

    Plaintiff,

and

ROGER DANIEL RIZZO,

    Plaintiff-Appellant,

v.

STATE FARM INSURANCE COMPANY,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2013 Term

2013 Opinion No. 59

Filed: May 22, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

The district court's order granting summary judgment is affirmed.

Roger D. Rizzo, Eagle, self-represented appellant.

Elam & Burke, P.A., Boise for respondent.

———————————

BURDICK, Chief Justice

This case arises out of the water loss claims Appellant Roger Daniel Rizzo made under Respondent State Farm Fire and Casualty Company's ("State Farm") homeowners insurance policy. All of Rizzo's claims were for water damage to his home's basement. This is an appeal from the Ada County district court's grant of summary judgment dismissing all of Rizzo's causes of action because Rizzo's homeowners policy did not cover his water damage claims. Rizzo also appeals from the district court's denial of his motion to amend his complaint to include various new causes of action and the district court's grant of State Farm's motion for protective order against certain overbroad discovery requests. We affirm the district court's decisions.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roger and Eva Rizzos' home was damaged by water entering their basement on May 22, 2010, and December 29, 2010. At the time of the losses, State Farm insured the Rizzos' home. The policy has an exclusion for water damage caused by surface water and water from below the surface of the ground.

Rizzo states that on May 23, 2010, he and his wife contacted Rod Brooks, a State Farm agent, to report a claim under his policy. Rizzo alleges that Brooks told him that a policy exclusion applied, and that State Farm was denying coverage. Donna Hoyne, a State Farm Representative, was assigned to investigate and evaluate the loss. On May 26, 2010, she conducted an onsite inspection of the Rizzos' basement. According to Rizzo, Hoyne indicated that Brooks had no authority to discuss whether a policy exclusion applied, and assured Rizzo that State Farm had not yet made a coverage decision as to his claim. In his affidavit, Rizzo stated that he believed that rainwater entered his basement through holes in the foundation caused by severe winds. According to Hoyne,

> The windowsill appeared to be clean and undamaged and there was no visible damage to the wallpaper below the window. However, the baseboard along the South Wall had been removed and holes had been drilled into the drywall. Mr. Rizzo did not inform me that one to two feet of water had accumulated in the window well or inform me of his "theory" that this one to two feet of water exerted a substantial pressure against the house wall adjacent to the window.

Rizzo asserts that on June 8, 2010, Ross Sheridan, a team manager for State Farm, informed him that State Farm was denying coverage for the damage to Rizzo's home. Soon after, Rizzo received a claim denial letter from Hoyne that set forth State Farm's conclusion that water had entered Rizzo's basement foundation wall at a point underground.

Rizzo filed a complaint against State Farm on November 24, 2010, alleging four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) bad faith; and (4) negligence per se. On December 29, 2010, Rizzo reported a second water damage claim. A new claim number was assigned and the following day State Farm assigned Eric Vane to the claim. Vane's investigation determined that water entering the home at the joint between the south wall and the basement floor caused the water damage complained of in Rizzo's second claim. After concluding the investigation, Vane sent the Rizzos a formal letter denying coverage for this second claim.

According to Rizzo, when his basement flooded on December 29, 2010, "the combination of both the wind and the rain, coupled with the wind direction at particular times of night and day caused the hole to reopen or another hole to form in the house wall and rainwater flooded in." On February 14, 2011, Rizzo filed a Motion to Amend Complaint to include claims for punitive damages, failure to warn, personal injury, diminution in value of his home, and damages from the December claim. Because State Farm did not object to the additional claim for damages arising from the December 29, 2011 flooding, the district court granted the motion to amend as to that claim. The district court also granted the motion as to Rizzo's failure to warn claim, but denied it as to the claims for punitive damages, personal injury, and diminution in value of his home.

In connection with his motion to amend his complaint, Rizzo filed the Affidavit of Donald Flynn, who is the president of Shadow Mountain Construction. In the affidavit, Flynn sets forth the following opinion regarding the cause of the damage to Rizzo's home:

> The damage to the Rizzos' home which occurred on May 22, 2010 and December 2010 almost certainly happened because of the following events. An extremely high level of rainfall collected in a house window well. This rainwater became one to two feet deep in the window well. It exerted substantial pressure on the side of the home and an approximately 18 mile an hour wind blowing in the right direction against a very large structural wall caused an opening in the wall. Large amounts of rainfall then penetrated the wall through the opening and flooded the downstairs floor of the house.

State Farm filed a Motion for Summary Judgment on August 25, 2011, and a hearing was held two months later. On February 15, 2012, the district court entered its final judgment granting State Farm's summary judgment motion and dismissing all of Rizzo's claims against State Farm.

## II. STANDARD OF REVIEW

When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. *Farm Bureau Mut. Ins. Co. of Idaho v. Eisenman*, 153 Idaho 549,___, 286 P.3d 185, 188 (2012). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Summary judgment must be entered against the non-moving party who fails to make a showing sufficient to establish an essential element of his case. *Foster v. Traul*, 141 Idaho 890, 892, 120 P.3d 278, 280 (2005).

"All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Id.*

In interpreting an insurance policy, "where the policy language is clear and unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used." *Farm Bureau*, 153 Idaho at __, 286 P.3d at 188 (quoting *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.,* 141 Idaho 660, 662, 115 P.3d 751, 753 (2005)). Thus, the interpretation of the legal effect of an insurance policy is a question of law over which this Court exercises free review. *Id.*

Finally, whether to permit an amended pleading is committed to the sound discretion of the district court, *McCann v. McCann*, 138 Idaho 228, 232, 61 P.3d 585, 589 (2002), as is the determination to grant a protective order, *Vaught v. Dairylands Insurance Co.*, 131 Idaho 357, 360, 956 P.2d 674, 677 (1998).

### III. ANALYSIS

**A. The district court properly exercised its discretion in denying Rizzo's request for deletion of part of the record on appeal.**

In his Notice of Appeal, Rizzo requested fewer documents than are provided in a standard record on appeal. However, the Clerk of the Court still provided the standard record on appeal. As a preliminary issue, Rizzo claims that State Farm failed to request these documents within the timeframe Idaho Appellate Rule 19(c) prescribes and the clerk erred in submitting the standard record to this Court. Rizzo filed an objection to the clerk's record, which the district court overruled finding the record "sufficient and appropriate." On appeal, Rizzo asks this Court to sanction State Farm for relying on documents that he claims are completely impermissible under Idaho law.

"When reviewing a district court's decision settling the record and transcript pursuant to I.A.R. 29(a), this Court applies an abuse of discretion standard." *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 40, 981 P.2d 1146, 1150 (1999). Idaho Appellate Rule 28 sets forth the contents of a "standard record" and provides that the parties "are responsible for designating the documents which will comprise the clerk's record on appeal." I.A.R. 28(a), (b). Idaho Appellate Rule 19 provides that:

> **(a) Requests for Less than the Standard Transcript and Standard Record on Appeal.** When the appellant has requested less than the standard transcript per

I.A.R. 25 or less than the standard clerk's or agency's record per I.A.R. 28, and the respondent wants to include documents that are part of the standard transcript or standard clerk's or agency's record, then the respondent must file a request for this additional material within 14 days of the filing of the notice of appeal or within 14 days of the amended notice of appeal that reduced the standard transcript or standard record requested.

I.A.R. 19(a).

In *Lamar*, this Court addressed an objection to the clerk's record on the grounds that it was over-inclusive just as Rizzo does here. In affirming the district court's denial of a party's request for deletion of certain documents from the clerk's record, this Court concurred with the following reasoning of the district court:

> The Supreme Court has the determination as to what information in the record it will consider as relevant. However, the Supreme Court cannot consider items outside of the record on appeal. Because of this, judicial economy would dictate that it is better to include an item that the Supreme Court is free not to consider than to wrongly strike it and go through the additional process of augmentation.

*Lamar*, 133 Idaho at 40, 981 P.2d at 1150. Quoting this passage and noting that Rizzo did not specifically identify the issues encompassed by the appeal, the district court concluded that in its discretion, the clerk's record "is sufficient and appropriate." Because the district court properly exercised its discretion in denying Rizzo's request for deletion, this Court affirms the district court's order denying this request.

**B. The district court properly granted summary judgment on all of Rizzo's claims.**

On appeal Rizzo argues that the district court's dismissal of his amended complaint on summary judgment was error because it failed to follow applicable summary judgment principles. Additionally, Rizzo contends that the district court was wrong as a matter of law for dismissing each of his five claims against State Farm.

1. The district court followed applicable summary judgment principles.

Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). All disputed facts are construed in favor of the non-moving party. *Foster*, 141 Idaho at 892, 120 P.3d at 280. Rizzo argues that the district court failed to view the facts in the light most favorable to the non-moving party and that it impermissibly weighed the evidence the parties presented. Specifically, Rizzo claims that his experts presented causation evidence that raised genuine issues of material

fact. Additionally, Rizzo claims that the district court lacked a basis for concluding that surface water caused the water damage when State Farm did not have any expert testimony and State Farm's representatives spent minimal time examining the damage to Rizzo's home.

In this case, the district court properly focused on the material facts necessary to make its coverage determination—the facts relating to the cause of the water damage. The district court quotes Rizzo's expert, the president of a construction company, in its memorandum decision. In relevant part, Rizzo's expert stated:

> The damage to the Rizzos' home which occurred on May 22, 2010 and December 2010 almost certainly happened because of the following events. An extremely high level of rainfall collected in a house window well. This rainwater became one to two feet deep in the window well. It exerted substantial pressure on the side of the home and an approximately 18 mile an hour wind blowing in the right direction against a very large structural wall caused an opening in the wall. Large amounts of rainfall then penetrated the wall through the opening and flooded the downstairs floor of the house.

The district court then went on to note that State Farm "does not dispute this alleged cause of damage to Plaintiff's home. Rather, Defendant asserts that the damages described by Plaintiff are excluded under the Policy." The court also specifically noted that State Farm did not have any expert testimony and that it did not need any since it did not dispute the opinions of Rizzo's expert. The district court did not disregard Rizzo's expert's causation opinion as Rizzo claims. Rather, Rizzo's contentions mainly arise from the district court's determination that rainfall that accumulates is considered surface water, which is an interpretation issue. Thus, the district court correctly determined that there were no genuine issues of material fact concerning the cause of the water damage.

As to Rizzo's claim that the district court failed to acknowledge his expert Stephen Strzelec, the district court did not err by failing to discuss his opinion evidence. Strzelec is a former claims representative for State Farm who testified that the damage should have been covered under Rizzo's policy with State Farm. State Farm is correct that Strzelec's testimony was not material because he was essentially testifying to a matter of law. *See Farm Bureau*, 153 Idaho at __, 286 P.3d at 188 (when the facts are undisputed, determining whether the terms of an insurance contract provide coverage is a question of law). Strzelec also testified about industry standards for the purposes of Rizzo's bad faith claim. However, this testimony became immaterial when the prerequisite to bad faith, a breach of contract, was dismissed.

6

The district court gave due regard to the record in support of summary judgment including expert witness testimony, opinions, and Rizzo's own statements. The district court did not rely on Rizzo or State Farm's employees as expert witnesses and did not improperly weigh the evidence. This Court finds that the district court followed applicable summary judgment principles in deciding this case.

2. The district court correctly dismissed Rizzo's breach of contract claim.

Rizzo claims that State Farm breached its contract by not affording coverage under *Section I – Losses Insured* of Rizzo's homeowner's policy. He argues that this provision is ambiguous and should have been construed against State Farm to afford coverage of his claims. Rizzo further contends that State Farm breached its contract by including all-encompassing exclusions in its homeowners policy, sending confusing and disingenuous denial letters, and violating statutory and Supreme Court law.

*a. Rizzo's homeowners policy is not ambiguous and it does not provide coverage for his claims.*

Rizzo argues that two provisions in his policy provide coverage for his claims. First, he argues that his claims are covered under *Coverage A – Dwelling* and the exclusions for water damage under this provision do not apply to his claims. Second, he argues that his claims are covered under *Coverage B – Personal Property* under the provision that provides coverage for damage from wind and hail.

The provision titled *Coverage A – Dwelling* provides coverage for accidental direct physical loss to the dwelling, except as provided in *Section I – Losses Not Insured*.[1] This section provides that:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
> …
> c. Water Damage, meaning:
> > (1). flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

---

[1] Rizzo's policy states that "dwelling" includes "foundation, floor slab and footings supporting the dwelling…."

7

...

    (3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

The district court found that this provision was unambiguous and that it excluded coverage of Rizzo's claims. Specifically, the district court found that there was "no material issue of fact regarding whether the water that entered Plaintiff's basement was either 'surface water' which had accumulated at the window well level and flowed down the outside of the south wall, or 'water below the surface of the ground.'"

   Rizzo argues on appeal that his expert "concluded that rain driven by wind, blowing in the right direction, caused a hole in the house wall and rainwater flowed through the hole and flooded the downstairs of plaintiff's home" and that this causation conclusion is not excluded under his policy. However, his expert actually concluded that an "extremely high level of rainfall collected in a house window well" and caused pressure on the home, which in conjunction with the wind caused the hole. Flynn testifies that "rainfall" then caused the damage, but it was rainfall that had collected in the window well. Essentially, Rizzo is arguing that rainwater does not become surface water when it hits the ground and collects.[2] Rizzo has no legal support for this argument.

   The treatise Couch on Insurance provides a good definition of the distinction between surface water and rain with respect to insurance coverage:

   Policies may cover damage from precipitation while excluding damage from surface water. Therefore, the two water phenomena, though closely related, must be distinguished.

   Surface water is water diffused over the surface of the land. Any water on the earth's surface, including water from rising groundwater, may be surface water unless or until it forms some more definite body of water. Typically, surface water is created by rain or other precipitation. However, though it is derived from rain, surface water is distinguished from rain by its character as water on the ground. Rain, on the other hand, has been defined as "water falling from the sky."

   Using these definitions, damage from water flowing on the earth onto the insured's property, or into the insured's building, will generally constitute damage from surface water. Damage from water naturally falling from the sky onto the

---

[2] Rizzo also appears to argue in his brief that the rainwater never collected, but rather blew through the hole in the wall and thus should not be classified as surface water. There are no facts to support this argument and this argued cause of the damage does not appear to be factually possible as the damage occurred to the basement of the home, which was below the surface of the ground.

8

insured's property, or into the insured's building, will generally constitute damage from rain.

11 Couch on Ins. § 153:50.

In contexts other than insurance coverage, Idaho cases have also distinguished between rain and surface water finding that the former becomes the latter once it stops falling. *Dayley v. City of Burley*, 96 Idaho 101, 103, 524 P.2d 1073, 1075 (1974) ("…the surface waters from rain and melting snow percolated into this ground…."); *Union Cent. Life Ins. Co. v. Albrethsen*, 50 Idaho 196, 202, 294 P. 842, 844–45 (1930) ("…the landowner, by means of dams and embankments, had collected surface and flood waters, coming entirely from seasonal rains and melting snows….").

Therefore, the meaning of surface water is clear and unambiguous. The facts of this case show that rain accumulated as surface water and caused damage to Rizzo's home, which was not covered under his policy with State Farm.

The second provision Rizzo argues provides coverage for his claims is a provision under the heading *Coverage B – Personal Property*, which provides coverage for damage caused by one of sixteen listed perils. In relevant part this provision states:

> We insure for accidental direct physical loss to property described, in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:
> …
> 2. Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow; sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

Rizzo argues that this section is ambiguous because it is not clear that coverage for damage caused by these enumerated perils is limited to personal property damage. Because *Coverage A – Dwelling* does not have a similar enumerated list of perils, Rizzo argues that it makes no sense that the sixteen perils listed under Coverage B do not also apply to Coverage A. Instead it is Rizzo's argument that makes no sense. The two contract provisions are distinct and unambiguously apply to different types of property. Coverage B does not provide coverage for Rizzo's claims.

*b. Rizzo's argument that coverage is illusory is not properly before this Court.*

Rizzo argues that the concurrent cause provision of the *Losses Not Insured* portion of the policy makes coverage illusory. Specifically, he argues that this exclusion is all encompassing

and defeats all coverage claims and therefore cannot be used to defeat his claim. Because Rizzo did not raise this claim below, we will not address this argument on appeal. *KEB Enterprises, L.P. v. Smedley*, 140 Idaho 746, 752, 101 P.3d 690, 696 (2004) ("This Court's longstanding rule is that it will not consider issues raised for the first time on appeal.").

*c. Rizzo's argument that the coverage denial letters constituted breach is not properly before this Court.*

Rizzo argues that the denial letters claims representatives sent him were ambiguous and violated I.C. §§ 41-113(2), 41-1302, and 41-1329 because they each quoted over 100 exclusions contained in his homeowner's policy that may apply and justify State Farm's denial of coverage.[3] Because Rizzo did not raise this claim below, we will not address this argument. *Id.*

*d. The alleged violations of Idaho statutory and Supreme Court law regarding insurance policy interpretation do not constitute a breach of contract.*

Rizzo argues that State Farm breached its policy with him by violating certain provisions of the Idaho Unfair Claims Settlement Practices Act and by violating this Court's insurance contract interpretation cases. However, this Act "does not give rise to a private right of action whereby an insured can sue an insurer for statutory violations committed in connection with the settlement of the insured's claim." *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 101, 730 P.2d 1014, 1021 (1986). Nor does the contract interpretation case that Rizzo cites, *Arreguin v. Farmers Insurance Co. of Idaho*, 145 Idaho 459, 180 P.3d 498 (2008), support the proposition that State Farm breached the insurance contract by not using clear and precise language and not construing the policy in his favor. *Arreguin* sets forth the rules by which a court interprets an insurance policy after an insurer has settled or denied a claim and after a lawsuit has been filed. *Id.* at 461, 180 P.3d at 500. It does not establish a standard to be used by insurers when investigating and settling claims and this Court will not extend that meaning to the decision.

3. The district court correctly dismissed Rizzo's bad faith claim.

The district court granted summary judgment on Rizzo's bad faith claim because it had found that there was no breach of contract and therefore, no cause of action for bad faith, as a

---

[3] It should be noted that these denial letters do not contain over 100 exclusions that might apply. Rather, State Farm explicitly explained the reason for denying coverage and provided excerpts from Rizzo's homeowner's policy that contained the noted exclusion. The excerpt was not limited however to just the provision that excluded coverage for Rizzo's claim.

matter of law. Rizzo essentially argues that this dismissal was in error because he proved his breach of contract claim and State Farm engaged in egregious and dishonest behavior.

To establish a claim for the tort of bad faith, Rizzo must show that: (1) State Farm intentionally and unreasonably denied or delayed payment; (2) Rizzo's claim was not fairly debatable; (3) State Farm's denial or delay was not the result of good faith mistake; and (4) the resulting harm is not fully compensable by contract damages. *Lovey v. Regence BlueShield of Idaho,* 139 Idaho 37, 48, 72 P.3d 877, 888 (2003). In order to prove his bad faith claim, Rizzo "must establish that [he] was entitled to recover under the [Policy]." *Id.* Because we affirm the district court's dismissal of Rizzo's breach of contract claims, we also affirm the dismissal of Rizzo's bad faith claim.

### 4. The district court correctly dismissed Rizzo's implied covenant of good faith and fair dealing claim.

The district court dismissed Rizzo's claim for violation of the covenant of good faith and fair dealing concluding that Rizzo had not established a genuine issue of material fact as to the elements of the claim because State Farm did not breach its contract with Rizzo. Rizzo appears to argue that this reason is not sufficient on its own. Rizzo is incorrect.

An implied duty of good faith and fair dealing "exists between insurers and insureds in every insurance policy." *Mortensen* v. *Stewart Title Guar. Co.,* 149 Idaho 437, 445, 235 P.3d 387, 395 (2010). The covenant requires that "the parties perform in good faith the obligations imposed by their agreement," and a violation of the covenant occurs only when "either party ... violates, nullifies or significantly impairs any benefit" of the contract. *Idaho First Nat. Bank v. Bliss Valley Foods,* 121 Idaho 266, 288, 824 P.2d 841, 863 (1991). Rizzo's policy does not provide coverage for his claims for damages to his home and he has not identified any benefit of the policy which has been violated, nullified, or significantly impaired by State Farm's actions. Therefore, we affirm the district court's dismissal of this claim.

### 5. The district court correctly dismissed Rizzo's negligence per se claim.

The district court granted summary judgment on Rizzo's negligence per se claim because Rizzo failed to demonstrate a material issue of fact as to whether State Farm's conduct breached I.C. § 41-113(2). Rizzo appears to argue that his failure to succeed on his breach of contract claim is not a sufficient basis for the court to dismiss this claim. State Farm contends that dismissal of this cause of action should be affirmed because there is no separate stand-alone

11

cause of action for negligence per se and there is no private cause of action for violating the insurance code. State Farm is correct.

> Rizzo claims that State Farm violated the following statutory provision:

> The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives, and all concerned in insurance transactions, rests the duty of preserving the integrity of insurance.

I.C. § 41-113(2). Noting that Rizzo failed to show that his claims were covered under his policy with State Farm, the district court found that Rizzo "has not shown that Defendant engaged in any deceptive conduct or acted without good faith in handling or denying Plaintiffs claims." On appeal, Rizzo does not argue that any conduct or acts on the part of State Farm or its representatives violated this statute. Therefore, this Court upholds the district court's decision.

6. The district court correctly dismissed Rizzo's failure to warn claim.

Rizzo argues that the district court should not have granted summary judgment on his failure to warn claim, but his reasons are unclear. It is also unclear from Rizzo's brief what exactly State Farm failed to warn him about. In his Amended Complaint Rizzo alleges that State Farm failed to warn him "of the health hazards that the insured resident of a home faces when rainwater enters a home through the house wall as a result of a windstorm." Rizzo further alleges that although "it is very likely mold and fungus formed in the house wall that rainwater flooded through," State Farm "never provided or gave any health warnings" to him regarding such hazards. There is no duty for State Farm to warn of health hazards from flooding. State Farm's duties are defined by the insurance contract and the insurance contract does not require State Farm to warn insureds of possible health hazards arising out of a property damage claim. Therefore, this Court also affirms the district court's grant of summary judgment on this claim.

**C. The district court properly denied Rizzo's motion to amend his complaint.**

Rizzo argues that the district court erred by denying his motion to amend his complaint to add claims for punitive damages, the diminution in value of his home, and personal injury. Rizzo does not provide any argument on how the district court abused its discretion in coming to its ruling on the issue of punitive damages. Therefore, we uphold the district court and rule that it did not abuse its discretion by denying Rizzo's motion to amend his complaint to include this claim. Additionally, the record contains no allegations or evidence regarding the actual presence of mold or fungus in Rizzo's home as a result of the flooding damage. The district court did not

abuse its discretion by refusing to permit Rizzo to amend his complaint to add claims of personal injury or diminution in value related to the presence of mold in his home.

**D. The district court properly granted State Farm's motion for a protective order.**

As the Court rules to dismiss all claims, the issue of a protective order for discovery is rendered moot.

**E. Attorney fees on appeal.**

State Farm argues that it is entitled to attorney fees pursuant to I.C. § 41-1839(4) because Rizzo pursued this appeal frivolously, unreasonably, and without foundation. State Farm contends that this appeal was not only frivolous, but did not even rise to level of asking the Court to reweigh conflicting evidence as the evidence was not conflicting. Rizzo does not respond to State Farm's request for attorney fees on appeal.

Section 41-1839(4) "provides a basis for an award of attorney fees to the insured or the insurer when a court finds that the case was 'brought, pursued or defended frivolously, unreasonably or without foundation.'" *Slaathaug v. Allstate Ins. Co.*, 132 Idaho 705, 711, 979 P.2d 107, 113 (1999) (quoting I.C. § 41-1839(4)). However, this Court will not award attorney fees on appeal unless "all claims brought or all defenses asserted" meet the criteria above. *Id*. "[I]f there is a legitimate, triable issue of fact or a legitimate issue of law, attorney fees may not be awarded under this statute even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation." *Brannon v. City of Coeur d'Alene*, 153 Idaho 843,___, 292 P.3d 234, 248 (2012) (refusing fees under I.C. § 12-121, which applies the same standard as I.C. § 41-1839(4)). Pro se litigants are held to the same standards and rules as litigants represented by an attorney and this Court has previously awarded attorney fees against a pro se litigant that pursued an appeal frivolously. *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

In this case Rizzo presented a legitimate question of law concerning how "surface water" should be interpreted under the terms of his contract. No attorney fees are awarded.

## IV. CONCLUSION

We affirm the district court's grant of summary judgment. Costs are awarded to State Farm.

Justices EISMANN, J. JONES, W. JONES and KIDWELL, J., Pro tem, **CONCUR.**

13