**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50831**

| | |
|---|---|
| GLENN STOUT, an individual,<br><br>    **Plaintiff-Appellant,**<br><br>v.<br><br>NATIONAL ADMINISTRATIVE SERVICE COMPANY, LLC; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA; and DRIVER'S PROTECTION, LLC,<br><br>    **Defendants-Respondents,**<br><br>and<br><br>DRIVER'S PROTECTION, LLC.,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  September 27, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K.C. Meyer, District Judge.

Judgment dismissing plaintiff-appellant's complaint and dismissing defendants-respondent's counterclaim, <u>affirmed</u>.

Madsen Law Offices, P.C.; Henry D. Madsen and Brian M. DeFriez, Coeur d'Alene, for appellant.  Brian M. DeFriez argued.

Smith & Malek, PLLC; Tara Malek, Coeur d'Alene, for respondents.  Kolby K. Reddish argued.

---

LORELLO, Judge

Glenn Stout appeals from the judgment dismissing his complaint against National Administrative Services Company, LLC (NASC) and American Bankers Insurance Company of Florida (American Bankers) and dismissing NASC's counterclaim.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Stout purchased a 2008 Dodge Viper in October 2017, at which time he also purchased a service contract that covered certain specified issues that may arise with the vehicle. NASC was the service contract provider and also provided administrative services for the contract. American Bankers underwrote the coverage provided by the service contract. On July 31, 2018, the vehicle sustained damage to the engine. As a result, Stout took the vehicle to Findlay Chrysler Jeep Dodge Ram (Findlay) for repairs. On August 2, 2018, Findlay contacted a claims adjuster that administered warranties for NASC and advised that the vehicle was making noise caused by damaged rod bearings. The claims adjuster contacted Stout on August 6, 2018, at which time Stout expressed his preference to replace the engine in the vehicle. The claims adjuster informed Stout that additional information was needed but that, when he had a dollar amount for the repair, what Stout chose to do with that amount was up to him. In a follow-up phone call on August 7, 2018, the claims adjuster notified Stout that all the information had been forwarded to the claims adjuster's supervisor in an attempt to expedite the matter. Stout notified the claims adjuster that he had found a replacement engine for sale.

On August 8, 2018, NASC hired a third-party inspector to evaluate the vehicle and instructed Findlay to tear down the engine to the point of failure to allow the inspector to determine the extent of the damage. Inspection of the engine occurred on August 8, 2018. That same day, Stout purchased a replacement engine. Based on the inspector's report dated August 9, 2018, NASC approved the claim and authorized a "short-block rebuild" of the engine; "replacement of all bearings, crank rods, two pistons, rods and rings, engine gaskets"; and 36.8 hours of labor costs. In total, NASC authorized $7,575.45 on Stout's claim.

Stout and the claims adjuster had another conversation on August 14, 2018, at which time Stout was informed of the authorized repairs. Stout again informed the claims adjuster that he intended to have a new engine installed rather than make the recommended repairs. In September 2018, Findlay installed a new engine Stout ordered. Stout retrieved the vehicle on September 26, 2018. Following a complaint by Stout to the Better Business Bureau, a reinspection of the engine was attempted. However, at that time, the vehicle had already been repaired and the damaged engine was no longer at Findlay.

Stout filed a complaint on July 1, 2020, alleging causes of action for breach of contract against NASC and American Bankers as well as a cause of action for bad faith and fair dealing against NASC.[1] NASC counterclaimed for breach of contract against Stout. Following a bench trial, the district court found that Stout failed to prove NASC or American Bankers breached their contract or acted in bad faith. The district court also dismissed NASC's counterclaim, finding NASC failed to prove Stout breached the contract. Stout appeals.

## II.

## STANDARD OF REVIEW

Where a trial court sits as a finder of fact without a jury, the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Estate of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine

---

[1] The first cause of action for breach of contract was against NASC, and the third cause of action for breach of contract was against American Bankers. The second cause of action for bad faith only referenced NASC. In the subsection of the complaint titled "Parties," Stout alleged in paragraph 1.3 that NASC "is the agent for [American Bankers] and or Driver's Protection, LLC and as such Defendants, American Bankers, and or Driver's Protection, as Respondeat superior are responsible for the actions of their agent." A court trial was conducted March 21-25, 2022. Stout moved for a default judgment against Driver's Protection, LLC on May 16, 2022. The district court denied Stout's motion. The district court's denial of Stout's motion is not at issue on this appeal.

3

whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997).

## III.

## ANALYSIS

Stout contends that the district court erred in "denying" his breach of contract claim, erred in "denying" his bad faith insurance claim, and erred in denying his motion for costs and attorney fees. Specifically, Stout challenges the district court's interpretation and application of the exclusionary language in the service contract. As to the denial of his bad faith claim, Stout argues the district court erred because NASC and American Bankers breached the contract and acted in bad faith by: (1) authorizing less than what was demonstrably required to reasonably repair the engine, and (2) withholding all payments and unilaterally cancelling Stout's policy without refunding his insurance premiums. Stout requests an award of costs and attorney fees on appeal.

NASC and American Bankers respond that the district court correctly concluded that NASC fulfilled their obligations under the service contract and that, to the extent Stout now argues the service contract was ambiguous, the argument is not preserved because Stout failed to raise the argument below. NASC and American Bankers also respond that the district court correctly dismissed Stout's bad faith insurance claim because he failed to prove a breach of the service contract and that, even had there been a breach, he failed to prove any bad faith. Finally, NASC and American Bankers respond that the district court did not abuse its discretion in finding that NASC was the prevailing party and, as such, Stout was not entitled to costs and attorney fees. NASC also requests costs and attorney fees on appeal.

We hold that Stout has not preserved any claim that the language in the service contract is ambiguous and has failed to show the district court erred in dismissing his breach of contract and bad faith claims. Stout has also failed to show the district court erred in denying his motion for costs and attorney fees. Further, we hold that NASC and American Bankers are entitled to costs as the prevailing party on appeal but decline to award attorney fees.

## A.     Preservation

In his opening brief, Stout argues that the exclusion language relating to the prior authorization requirement "becomes ambiguous in light of the remaining contract provisions" and should have been construed in his favor. Related to this argument, Stout asks this Court to "remand

4

[the] case for additional findings based on the ambiguity of the policy language." NASC and American Bankers correctly assert that Stout's ambiguity-based claims are not preserved. Stout did not allege an ambiguity in the service contract language as part of his complaint nor did he present any argument at trial that the service contract language is ambiguous. As such, Stout's assertions in this regard and will not be considered on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that issues not raised below may not be considered for the first time on appeal).

**B.      Breach of Contract**

To sustain a cause of action for breach of contract, a party must show: (1) the existence of a contract; (2) breach of the contract; (3) the breach caused damages; and, (4) the amount of those damages. *McCarthy Corp. v. Stark Inv. Group, LLC*, 168 Idaho 893, 904, 489 P.3d 804, 815 (2021). A breach occurs when there is a failure to perform a contractual duty. *Shawver v. Huckleberry Estates, L.L.C.*, 140 Idaho 354, 361, 93 P.3d 685, 692 (2004). When interpreting a contract, this Court begins with the document's language. *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010). In the absence of ambiguity, the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument. *Id.* A contract is ambiguous if it is reasonably subject to conflicting interpretations. *River Range, LLC v. Citadel Storage, LLC*, 166 Idaho 592, 599, 462 P.3d 120, 127 (2020). Whether a contract is ambiguous is a question of law, but interpreting an ambiguous term is a question of fact. *Potlatch Educ. Ass'n* at 633, 226 P.3d at 1280.

The district court concluded that Stout failed to prove the elements of breach of contract. In support of this conclusion, the district court found: (1) NASC authorized payment in the amount of $7,575.45 for a "'short-block rebuild' of the engine and replacement of all bearings, crank rods, two pistons, rods and rings, [and] engine gaskets"; (2) it was reasonable for NASC "to authorize a rebuild of the short block with the failed engine parts" because the service contract "did not require NASC to authorize the best option"; and (3) pursuant to the contract, the decision whether to repair or replace was at the sole discretion of the contract administrator.

Stout argues that the district court's decision is not supported by substantial evidence because "NASC knew that it was going against the estimates/recommendations" of the repair

facility and the third-party inspector. According to Stout, this left him "without adequate coverage under the policy." This argument does not demonstrate a lack of evidence to support the district court's decision; rather, it only reveals Stout's disagreement with the provision of the service contract that gave the administrator the discretion to choose between repair and replacement. Moreover, the evidence supports the district court's conclusion. Following inspection of the engine, the inspector's report identified the engine issue as an isolated failure of the number four rod bearing resulting in debris contamination. The inspector recommended the "engine assembly" be "repair[ed] *or* replace[d]." Neither Stout nor the repair facility had the authority to dictate whether the engine would be repaired or replaced. Stout's decision to order a new engine and direct Findlay to install it without authorization from NASC did not obligate the insurer to reimburse Stout for that choice. To the contrary, every page of the service contract states that "no claims will be paid without prior authorization." The service contract further provides: "ANY REPAIR OR REPLACEMENT MADE WITHOUT PRIOR AUTHORIZATION FROM THE ADMINISTRATOR TO THE REPAIR FACILITY" is a noncovered condition. Finally, the service contract warns: "You assume all liability for payment of repairs that are not authorized to the repair facility." While Stout presented testimony that replacement of the engine assembly may have been a preferred option, he failed to demonstrate how NASC breached the contract by instead authorizing repair by replacement of the parts identified as having failed within the engine instead of replacing the entire engine. Accordingly, Stout has failed to show error in the dismissal of his breach of contract claims.

## C.    Bad Faith

To prevail on a claim for bad faith, an insured must show: (1) the insurer intentionally and unreasonably denied or delayed payment; (2) the claim was not fairly debatable; (3) the insurer's denial or delay was not the result of good faith mistake; and (4) the resulting harm is not fully compensable by contract damages. *Rizzo v. State Farm Ins. Co.*, 155 Idaho 75, 83-84, 305 P.3d 519, 527-28 (2013). The tort of bad faith provides a remedy for harm to an insured in the absence of a breach of an express contractual covenant. *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 97, 730 P.2d 1014, 1017 (1986). While the tort of bad faith does not require breach of an express contractual covenant, to find an insurer committed bad faith there must have been a duty under the contract that was breached. *Harmon v. State Farm Mut. Auto. Ins. Co.*, 162 Idaho 94, 102, 394

P.3d 796, 804 (2017). Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. *Inland Group of Cos., Inc. v. Providence Wash. Ins. Co.*, 133 Idaho 249, 255, 985 P.2d 674, 680 (1999). Such a duty is beyond that which the policy imposes by itself--the duty to defend, settle, and pay--but is a duty imposed by law on an insurer to act fairly and in good faith in discharging its contractual responsibilities. *Id.*

The district court determined that, because there was no breach of the service contract, it need not address Stout's bad faith claim. Nevertheless, the district court found that, even if NASC breached the contract, its actions were not in bad faith because the authorization for the repair and replacement of the failed components for $7,575.45 was made within twelve days of receiving the claim. Moreover, NASC's authorization to repair and replace the failed components of the engine was based on information provided through an inspection, which indicated repair was an appropriate course of action. Finally, the district court found that any damages requested by Stout would be fully compensable as contract damages. Accordingly, the district court determined Stout failed to establish the elements of bad faith. Substantial and competent evidence in the record supports the district court's findings and those findings support the conclusion that Stout failed to prove the elements of bad faith.

Stout argues that, "at a minimum, he was entitled to have the authorized payment of $7,575.45 and to avoid having his policy cancelled, neither of which happened." Stout contends this is "the clearest evidence that Defendants acted in bad faith." Regarding payment of the authorized amount of $7,575.45, the district court found that "Stout never contacted [the claims adjuster] or customer service with NASC to direct the check be paid directly to him." The district court also found "NASC did not send a check to Findlay or to Stout because it was awaiting further instructions on where to send the funds, which never came." On appeal, NASC and American Bankers do not dispute that Stout is entitled to payment of this authorized amount. Thus, it appears the appropriate course of action is for Stout to contact NASC and request payment. As for Stout's complaint that NASC cancelled his policy, there is no decision from the district court on this point, and Stout has not presented any cogent legal argument or authority to support his request for appellate relief on this claim. Rather, Stout only generally asserts the fact that the policy was cancelled and a conclusory argument that the cancellation constitutes bad faith. As such, we will not consider Stout's challenge to the cancellation of his policy. *See Bach v. Bagley*, 148 Idaho

7

784, 790, 229 P.3d 1146, 1152 (2010) (holding that, even if an issue is explicitly set forth in a brief, "if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered" on appeal).

**D.  Costs and Attorney Fees**

Stout argues that the district court "should have granted his motion for costs and fees" because "the [district] court should have found that [he] was the prevailing party." However, Stout failed to include the district court's order regarding costs and attorney fees in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Accordingly, we will not presume error in the district court's order awarding costs and attorney fees. Moreover, given that Stout has failed to show error in the denial of his breach of contract and bad faith claims, there is no basis from which to conclude he was the prevailing party in the district court.

**E.  Costs and Attorney Fees on Appeal**

Both parties request an award of costs and attorney fees on appeal. Costs shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of this Court. I.A.R. 40(a). An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990).

Because Stout is not the prevailing party on appeal, he is not entitled to an award of costs and attorney fees. NASC and American Bankers argue they are entitled to costs and attorney fees because Stout failed to show how the district court misapplied the law and instead Stout only disputes the district court's factual findings which are supported by substantial and competent

evidence. NASC and American Bankers have prevailed on this appeal; however, we do not find the appeal was brought frivolously. Accordingly, we award NASC and American Bankers costs but not attorney fees on appeal.

**IV.**

**CONCLUSION**

Stout has failed to show the district court erred when it dismissed his claims for breach of contract and bad faith. The district court's factual findings are supported by substantial and competent evidence and those findings support the district court's conclusions of law. Stout failed to provide a sufficient record to support his argument that the district court erred in denying his motion for costs and attorney fees in the district court, and he is not entitled to costs and attorney fees on appeal because he is not the prevailing party. Because the appeal was not brought frivolously, we decline to award attorney fees to NASC and American Bankers. The judgment dismissing Stout's complaint against NASC and American Bankers and dismissing NASC's counterclaim is affirmed. As the prevailing parties, NASC and American Bankers are awarded costs on appeal.

Judge HUSKEY and Judge TRIBE, **CONCUR**.